Jason S. Campbell (SBN: 285044)
jscampbell@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile:  (213) 615-1750

Rachel A. D. Busch (SBN: 327939)
rbusch@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Defendant
NORTHERN CALIFORNIA INJECTION
MOLDING, LLC dba SPRINGBOARD MANUFACTURING

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FERNANDEZ PRIETO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA INJECTION MOLDING, LLC dba SPRINGBOARD MFG; and DOES 1 through 10, inclusive,<br><br>Defendant. | **Case No.**<br><br>(Sacramento Superior Court Case No. 34-2022-00316266-CU-OE-GDS)<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Complaint filed: March 3, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act 2005, Pub. L. 109-2, section 4(a) (the "CAFA")), 1441(a) and (b), and 1446, Defendant Northern California Injection Molding, LLC doing business as Springboard Manufacturing ("Defendant" or "NCIM") hereby removes the above-entitled action to this Court from the Superior Court of the State of California for the County of Sacramento. In support of removal, Defendant states as follows:

## INTRODUCTION

1. This Court has original jurisdiction under 28 U.S.C. § 1332(d) because at the time Plaintiff Jose Fernandez Prieto ("Plaintiff") filed the Class Action Complaint, and at this time: (1) the proposed putative class includes more than 100 members; (2) diversity of citizenship exists; and (3) the amount placed in controversy by Plaintiffs' claims exceeds $5,000,000, exclusive of interest and costs.

## THE STATE COURT ACTION

2. On March 3, 2022, Plaintiff filed an action in the Superior Court of California in and for Sacramento County entitled *Prieto v. Northern California Injection Molding, LLC*, Case No. 34-2022-00316266-CU-OE-GDS (the "Action"). Plaintiff served the Complaint on Defendant on March 15, 2022. A true and correct copy of the Summons, Complaint, and Proof of Service is attached hereto as **Exhibit A.**

3. Plaintiff's Complaint seeks monetary damages, penalties, and other relief against Defendant in connection with the following causes of action: (1) alleged failure to pay overtime wages in violation of California Labor Code sections 510 and 1194; (2) alleged failure to pay minimum wages in violation of California Labor Code sections 1194, 1197, and 1198; (3) alleged failure to provide meal breaks and related premiums in violation of California Labor Code sections 226.7

and 512; (4) alleged failure to provide rest breaks and related premiums in violation of California Labor Code section 226.7 and 512; (5) alleged failure to timely furnish accurate itemized wage statements in violation of California Labor Code section 226; (6) alleged failure to timely pay wages during employment in violation of California Labor Code section 204; (7) alleged failure to pay all wages due at the end of employment in violation of Cal. Labor Code §§ 201, 202, and 203 and seeking waiting time penalties pursuant to Cal. Labor Code § 203; and (8) alleged unlawful and unfair business practices in violation of California Business and Professions Code section 17200, *et seq*.

4. On April 13, 2022, Defendant timely filed and served its Answer to the Complaint in Sacramento County Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit B**.

5. Attached hereto as **Exhibit C** are true and correct copies of all other papers, process, and pleadings served upon Defendant in this action.

## JOINDER

6. Defendant has been served with a copy of the Complaint and files this Notice of Removal. No other defendant is named in the Complaint.

## TIMELINESS OF REMOVAL

7. This Notice of Removal has been filed within thirty (30) days after Defendant was served with the Complaint on March 15, 2022. This Notice of Removal therefore is filed within the 30 days provided by 28 U.S.C. § 1446(b).

## JURISDICTION PURSUANT TO CAFA

8. Pursuant to CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA also provides for jurisdiction in the district courts where the proposed class involves 100 or more members, or where the primary

Defendant is not a State, State Officials, or other governmental entities. 28 U.S.C. § 1332(d)(5). Thus, as set forth below, this Court has original jurisdiction over this matter under 28 U.S.C. section 1332(d) because it is a class action involving more than 100 members, the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs based on the allegations that Plaintiff set forth in the Complaint, Plaintiff and Defendant are citizens of different states, and no Defendant is a state, state official, or government entity.

### Numerosity

9. CAFA provides that district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

10. The Complaint asserts the following putative class:

> "All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California, at any time since four years prior to filing this action, through the date judgment is rendered in this action." (Compl. ¶ 62.)

Defendant employed approximately 271 individuals in California as non-exempt employees from March 3, 2018 to the present. Therefore, the numerosity requirement for CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(5) is satisfied.

### Diversity of Citizenship

11. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Citizenship is determined by their citizenship status when the action commences. *Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

12. **Plaintiff is a citizen of California.** To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States, and (b) a domiciliary of one state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v.*

*Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's residence may serve as prima facie evidence of that party's domicile. *State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff alleges that "at all material times" he was a resident and domiciliary of the State of California and that during the relevant time period, he worked for Defendant in Rancho Cordova, California in Sacramento County. (Compl. ¶ 10.) Indeed, Plaintiff's last known address in personnel records maintained by Defendant was in California. Plaintiff is therefore a citizen and resident of the State of California.

13. **Defendant is not a citizen of California.** Northern California Injection Molding, was, at the time of the filing of this action, and still is, a Limited Liability Company. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). NCIM has a sole member, Kruger Plastic Products, LLC, which is a citizen of Delaware. Because Kruger Plastic Products, LLC is a citizen of Delaware, Northern California Injection Molding, LLC is a citizen of Delaware for purposes of establishing diversity jurisdiction.

14. Therefore, diversity of citizenship under CAFA is established because Plaintiff is a citizen of California and Defendant is a citizen of Delaware.

### The Amount in Controversy Exceeds $5 Million

15. CAFA authorizes the removal of class action cases in which, among the other elements described above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). In determining whether the amount in controversy exceeds $5,000,000, the Court must presume that Plaintiffs will prevail on each of their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended

1  claim, but rather by reasonable reading of the value of the rights being litigated").

2  16.  Defendant vigorously denies the merits of Plaintiff's claims, the theories
3  upon which he seeks to recover, and that he or any putative class member is entitled
4  to any damages whatsoever; however, for the sole purpose of determining whether
5  jurisdiction exists pursuant to CAFA, the amount in controversy for all class
6  members exceeds $5,000,000 exclusive of interest and costs.

7  17.  **Meal Period Violations.**  Plaintiff contends that Defendant failed to
8  provide Plaintiff and members of the putative class with meal periods of at least
9  thirty (30) minutes because Plaintiff and members of the putative class received
10 meal periods which were cut short as a result of the time it took to walk to and from
11 the break room.  (Compl. ¶ 91-96.)  Plaintiff seeks damages on behalf of himself
12 and the putative class in the amount of one additional hour of pay at the regular rate
13 of work for each workday that the meal period was allegedly not provided them.
14 (*Id.* at ¶ 92.)

15 18.  Plaintiff alleges that Defendant "does not provide Plaintiff and members
16 of the Plaintiff class with meal periods during which they are completely relieved of
17 duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth
18 hour of work." (Compl. ¶ 96.) Plaintiff claims that Defendant failed to provide 30-
19 minute meal periods because it provided "exactly thirty (30) minutes of meal period
20 time, but did not factor in the amount of time needed to walk to and from the work
21 station and the break room. . . ." (Compl. ¶ 36.) Thus, "Plaintiff and members of the
22 [putative class]'s meal periods are cut short as a result of walking time to and from
23 the break room." (Compl. ¶ 96.)

24 19.  Defendant employed Plaintiff and the putative class for approximately
25 32,086 cumulative workweeks in the four years from March 2, 2018 to April 7,
26 2022. Their average hourly rate of pay was approximately $18.77. Although
27 Defendant disputes Plaintiff's claim that it provided meal periods that were shorter
28 than 30 minutes because employees needed to walk from their workstations to the

break room, assuming for purposes of removal that Plaintiff could prevail and recover one meal period premium per shift, allegedly premiums total approximately **$3,011,271** (5 violations per week x $18.77 (average hourly rate) x 32,086 workweeks).

20. **Wage Statement Penalties.** Statutory penalties may also be included when determining the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (penalties under California's Song-Beverly Consumer Warrant Act may be counted in determining the amount in controversy); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F. 2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorneys' fees can be considered in determining whether the jurisdictional amount is met."). Here, the Complaint alleges that Defendant knowingly and intentionally issued uniform wage statements to Plaintiff and putative class members that failed to correctly list the gross amount of wages earned, total hours worked, net wages earned, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate in violation of Cal. Labor Code § 226(a). (*See* Compl. at ¶ 110.) Plaintiff also contends that Defendant additionally failed to include the correct employer on Plaintiff's and putative class members' wage statements because Defendant allegedly listed "Inject Molding LLC" on wage statements. (*See id.* at ¶ 112.)

21. Under Cal. Labor Code 226(e)(1) an employee "suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."

22. Defendant maintained a weekly pay period. It issued Plaintiff and putative class members approximately 9,811 allegedly inaccurate wage statements

in the one year preceding the date on which Plaintiff filed the Complaint. After assigning the $50 penalty to the first wage statement for each employee who worked in the year preceding the filing, $100 for each subsequent wage statement issued, and limiting the aggregate penalty to $4,000 where an employee received enough wage statements to exceed $4,000, the sum of the alleged wage statement penalties totals approximately **$713,300**. This increases the total amount in controversy during the class period to at least **$3,724,571**.

23. **Waiting Time Penalties.** Additionally, Plaintiff alleges that he and each putative class member that is no longer employed are entitled to 30 days of waiting time penalties pursuant to California Labor Code section 203 based on Defendants' alleged failure to pay all unpaid wages at termination. (Compl. ¶¶ 124-128.) Waiting time penalties may be included when determining the amount in controversy and are calculated at the terminated employee's daily wage rate multiplied by 30 days. *See Cavada v. Inter-Cont'l Hotels Grp., Inc.*, No. 19CV1675-GPC(BLM), 2019 WL 5677846, at *9 (S.D. Cal. Nov. 1, 2019) (considering waiting time penalties as part of the amount in controversy and denying motion to remand); *see also Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998), as modified (Dec. 11, 1998) ("the critical computation required by section 203 is the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days").

24. Approximately 78 putative class members were voluntarily or involuntarily terminated from their employment with Defendant in the period between March 3, 2019 and the present. Their average hourly rate at the time of termination was $17.59. Assuming each member of the terminated employee putative class would be entitled to 30 days' wages pursuant for Defendant's purported failure to pay all unpaid wages at termination pursuant to Labor Code Section 203, the aggregate amount of penalties they seek is approximately **$329,285** (78 class members x $17.59 average rate per hour x 8 hours per day x 30 days), increasing the total amount in controversy for Plaintiffs' claims for meal period

claims, wage statement penalties, and waiting time penalties to at least **$4,053,856**.

25. **Attorneys' Fees.** Plaintiffs also seek an unspecified amount of attorneys' fees. (FAC at Prayer.) Attorneys' fees are properly considered when determining the amount in controversy for the purposes of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"). Plaintiff seeks attorneys' fees pursuant to, *inter alia*, Labor Code sections 218.5 and 226(e) and Civil Code section 1021.5. The Ninth Circuit has established "25 percent of the fund as the benchmark for a reasonable fee award in common fund cases." *In re Bluetooth Headset Prods. Liab. Lit.*, 654 F.3d 935, 942 (9th Cir. 2011); *In Re Nat'l Collegiate Athletic Assoc. Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, *2 (N.D. Cal. 2017) (the 25% benchmark is "presumptively reasonable."). Therefore, the amount of attorneys' fees at issue are approximately **$1,013,464** ($4,053,856 x 25%).

26. In total, the potentially recoverable meal period claims, wage statement penalties, waiting time penalties, and attorneys' fees alone therefore total approximately **$5,067,320**. This well exceeds the $5,000,000 amount in controversy threshold for purposes of removal under CAFA – before even considering potential damages for the other claims alleged in the Complaint (*i.e.*, alleged rest period penalties, unpaid overtime wages, and unpaid minimum wages, among others).

27. **Conclusion: Jurisdiction is proper under CAFA.** Based on the foregoing, removal jurisdiction is proper under CAFA because (a) there are more than 100 putative class members, (b) Plaintiff and Defendant are diverse, and (c) the amount in controversy exceeds $5,000,000.

## VENUE IS PROPER

28. Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. sections 1441(a) and 1391(c) because the state court action was filed in this district.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Sacramento to this Court.

Dated: April 14, 2022						WINSTON & STRAWN LLP

							By: /s/*Jason S. Campbell*
							Jason S. Campbell
							Rachel A. D. Busch
							Attorneys for Defendant
							Northern California Injection Molding, LLC dba Springboard Manufacturing.