# EXHIBIT A

Env Type: UPS_LETTER_CENTER
WINDOW
Total Pages: 45
Safe Seal(101761)

TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**1.0 LBS LTR**     **1 OF 1**

SHIP TO:
  DOUGLAS B. CONSTABLE
  3364070376
  KRUGER PLASTIC PRODUCTS, LLC
  2990 REYNOLDS SQUARE
  **SALEM  NC  27106**

**NC 271 1-02**

**UPS NEXT DAY AIR**     **1**
TRACKING #: 1Z X21 278 01 1794 6370

BILLING: P/P

Reference No.1: SOP/2401130/541227278/CT SOP Custo

XOL 22.03.13     NV45 12.0A 03/2022*

1868867

21

Origin: Wolters Kluwer UPS 562130

**T  Packing Slip**



**CT Corporation**

**UPS Tracking # :**  1ZX212780117946370
**Created By :**  BATCH BATCH
**Created On :**  03/15/2022 03:00 PM
**Recipient :**

| Douglas B. Constable | |
|---|---|
| Title : | — |
| Customer : | Kruger Plastic Products, LLC |
| Address : | 2990 REYNOLDS SQUARE |
| Email : | dconstable@krugerplastics.com |
| Phone : | -33640/0376     Fax :     - |

**Package Type :**  Envelope
**Items shipped :**  1

| Log # | Case # | Entity Name |
|---|---|---|
| 541227278 | -- | NORTHERN CALIFORNIA INJECTION MOLDING, LLC |

CT Corporation

**Service of Process Transmittal**
03/15/2022
CT Log Number 541227278

**TO:**   Douglas B. Constable
Kruger Plastic Products, LLC
2990 REYNOLDS SQUARE
SALEM, NC 27106

**RE:**   **Process Served in California**

**FOR:**   NORTHERN CALIFORNIA INJECTION MOLDING, LLC  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Jose Fernandez Prieto // To: NORTHERN CALIFORNIA INJECTION MOLDING, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # None Specified |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/15/2022 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780117946370 |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



PITNEY BOWES
$9.369
US POSTAGE=
FIRST-CLASS
02000008687719
2000241000
ZIP9 1361
MAR 08 2022



**Bradley/Grombacher LLP**
31365 Oak Crest Drive Suite 240
Westlake Village, CA 91361

**CT Corporation System:**

CTC0818 · Agent for Service of Process for
NOTIFY SENDER OF NEW ADDRESS 03/11/22
:CT CORPORATION SYSTEM St. Ste 930
330 N. BRAND BLVD STE 700
GLENDALE CA 91203-2336

Los Angeles CA 9001



2021 1970 0000 3062 8563

| | **SUM-100** |
|---|---|

Superior Court Of California,
Sacramento

03/04/2022
ddonkin

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

By_____, Deputy

**Case Number:**

**34-2022-00316265**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NORTHERN CALIFORNIA INJECTION MOLDING, LLC, dba SPRINGBOARD MFG., a California limited liability company, and DOES 1 to 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE FERNANDEZ PRIETO, on behalf of himself and all others similarly situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Sacramento County Superior Court<br>720 9th Street, Room 104<br>Sacramento, California 95814 | CASE NUMBER: *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marcus J. Bradley, Esq. - Bradley/Grombacher LLP 31565 Oak Crest Drive, Suite 240, Westlake Village, CA 91361 (805) 270-7100

| DATE:<br>*(Fecha)* | MAR 0 4 2022 | Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

BY FAX

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Bradley/Grombacher LLP<br>Marcus J. Bradley, Esq. (SBN 174156)<br>31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91361 | Superior Court of California,<br>FOR COURT USE ONLY<br>Sacramento<br><br>03/03/2022<br><br>ddonkin<br><br>By_____, Deputy<br><br>Case Number:<br>34-2022-00316266 |
|---|---|
| TELEPHONE NO.: (805) 270-7100    FAX NO. *(Optional)*: (805) 270-7589 | |
| ATTORNEY FOR *(Name)*: Plaintiff Jose Femandez Prieto | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street Room 104
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Sacramento

CASE NAME:
Jose Femandez Prieto v. Northern California Injection Molding, LLC dba Springboard Manufacturing

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**   [ ] **Limited**<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3,403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence        court
                                     f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: EIGHT (8)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 3, 2022

Marcus J. Bradley, Esq.
_____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

BY FAX

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

<b>CASE TYPES AND EXAMPLES</b>

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**BRADLEY/GROMBACHER, LLP**
Marcus Bradley, Esq. (SBN 174156)
Kiley Grombacher, Esq. (SBN 245960)
Lirit King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA  91361
Telephone: (805) 270-7100
Facsimile: (805) 618-2939
Email: mbradley@bradleygrombacher.com
Email: kgrombacher@bradleygrombacher.com
Email: lking@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:  (818) 609-0807
Facsimile:   (818) 609-0892
E-mail: sahagii@aol.com

Attorneys for Plaintiff JOSE FERNANDEZ
PRIETO, on behalf of himself and others similarly
situated

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SACRAMENTO

| | |
|---|---|
| JOSE FERNANDEZ PRIETO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN CALIFORNIA INJECTION MOLDING, LLC, dba SPRINGBOARD MFG, a California limited liability company, and DOES 1 to 10, inclusive<br><br>Defendant. | **CASE NO.**<br><br>**CLASS ACTION COMPLAINT:**<br><br>1.  **Failure to Pay Overtime Wages in Violation of Labor Code sections 510 and 1198;**<br><br>2.  **Failure to pay all Wages in Violation of Labor Code sections 1194, 1197, 1198;**<br><br>3.  **Failure to Provide Meal Periods in Violation of Labor Code sections 226.7, 512;**<br><br>4.  **Failure to Provide Rest Periods in Violation of Labor Code sections 226.7, 512;** |

5.  **Failure to Timely Furnish Accurate Itemized Wage Statements in Violation of Labor Code section 226;**

6.  **Failure to Timely Pay Wages During Employment in Violation of Labor Code section 204;**

7.  **Waiting Time Penalties Pursuant to Labor Code sections 201, 203; and**

8.  **Violations of Business & Professions Code section 17200 *et seq.***

**DEMAND FOR JURY TRIAL**

Plaintiff, JOSE FERNANDEZ PRIETO (hereinafter "Plaintiff") hereby submits this Complaint against Defendant NORTHERN CALIFORNIA INJECTION MOLDING, LLC, dba SPRINGBOARD MFG, a California limited liability company and DOES 1 to 10 (hereinafter referred to as "Defendant") on behalf of himself and the class of all other similarly situated current and former employees of Defendant as follows:

## NATURE OF THE CASE

1.      This is a class action arising out of Defendant's failure to provide their non-exempt employees with all wages including overtime, meal and rest periods in compliance with the applicable wage order and/or the Labor Code, by failing to timely pay their non-exempt employees all wages during employment and upon termination and by failing to provide compliant wage statements.

2.      Defendant NORTHERN CALIFORNIA INJECTION MOLDING, LLC, dba SPRINGBOARD MFG, is a California limited liability company that produces custom plastic injection molded products. Defendant is headquartered in South Bend, Indiana.

3.      Defendant fails to provide its non-exempt employees, including Plaintiff, with compliant meal and rest breaks, as breaks are often short. This is a result of requiring Plaintiff and other non-exempt employees to walk a couple minutes each way to the break room.

4.      Defendant also fails to provide Plaintiff and non-exempt employees with all wages as a result of Defendant's policy of rounding all hours worked to the nearest quarter hour. As a result, Defendant also fails to provide Plaintiff and non-exempt employees with all overtime wages.

5.      Moreover, Plaintiff and non-exempt employees receive shift differential pay which is not factored into the overtime rate of pay or meal and rest break premiums.

6.      In light of the foregoing, Plaintiff and other non-exempt employees were not provided with compliant wage statements, nor were they timely paid all wages during employment and at time of separation or termination. Additionally, Defendant lists the wrong employer on wage statements as "Inject Molding LLC" is included on employees' wage statements which is an entity not listed on the California Secretary of State website.

///

**1**
**COMPLAINT**

7.     Plaintiff brings Causes of Action One through Eight (the "class claims") as a class action on behalf of himself and other similarly situated individuals who have worked for Defendant in California, at any time from four-years prior to the filing of this complaint, through the resolution of this action. Plaintiff's class claims are brought under California wage and hour laws stemming from Defendant's failure to pay all wages including the regular rate; failure to pay all overtime wages; failure to provide meal periods in compliance with the applicable wage order; failure to authorize rest periods in compliance with the applicable wage order; failure to provide accurate itemized wage statements; and failure to timely pay final wages during employment and at time of termination.

8.     Plaintiff, on his own behalf and on behalf of all Class Members, brings the class claims pursuant to Labor Code sections 200-203, 204, 226, 226.7, 500, 510, 512, 1194, 1194.2, 1197, the applicable wage order and under Business & Professions Code sections 17200-17208, for unfair competition due to Defendant's unlawful, unfair and fraudulent business acts and practices.

9.     Plaintiff is informed and believes, and based thereon alleges, that Defendant has engaged in, among other things a system of willful violations of the California Labor Code and the applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

**PARTIES**

10.     Plaintiff, Jose Fernandez Prieto is an individual over the age of eighteen (18) and is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California. During the relevant time period, Plaintiff worked for Defendant in Rancho Cordova, California from approximately 2019 through approximately October 15, 2020. Plaintiff worked as a machine operator and earned approximately $13.40 per hour.

11.     Plaintiff is informed and believes, and based thereon alleges, that Defendant NORTHERN CALIFORNIA INJECTION MOLDING, LLC, dba SPRINGBOARD MFG, is a California limited liability company. Plaintiff is further informed and believes that at all times relevant hereto, Defendant has transacted, and continues to transact, business throughout the State of California.

12.     Plaintiff is informed and believes that Defendant produces custom plastic injection molded products and is headquartered in South Bend, Indiana. Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant is, now and/or at all times mentioned in this Complaint was in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

13.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendant proximately caused Plaintiff, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

14.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 10, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

15.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

16.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

17.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the

1  course and scope of such agency, employment, joint venture, or concerted activity. To the extent
2  said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining
3  Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

4       18.    At all times herein mentioned, Defendants, and each of them, were members of, and
5  engaged in, a joint venture, partnership and common enterprise, and acting within the course and
6  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

7       19.    The members of the classes (as defined below), including the representative Plaintiff
8  named herein, have been employed during the Class Period in California. The practices and policies
9  which are complained of by way of this Complaint are enforced throughout the State of California.

10                          **JURISDICTION AND VENUE**

11      20.    The Court has jurisdiction over this class action pursuant to article 6, section 10 of
12  the California Constitution and California Code of Civil Procedure section 410.10.

13      21.    Additionally, this Court has jurisdiction over Plaintiff's and the Class' claims for
14  injunctive relief, including restitution of earned wages, arising from Defendant's unfair
15  competition under Business & Professions Code sections 17203 and 17204.

16      22.    The Court has jurisdiction over Defendant because it is a limited liability company
17  authorized to do business in the State of California and is registered with the California Secretary
18  of State. Defendant does sufficient business with sufficient minimum contacts in California, and/or
19  otherwise intentionally avails itself of the California market through the advertising, marketing and
20  sale of goods and services, to render the exercise of jurisdiction over Defendant by the California
21  court consistent with traditional notions of fair play and substantial justice.

22      23.    Venue is proper in Sacramento County because the acts which give rise to this
23  litigation occurred in this county and because Defendant has employed class members in this
24  county and transacts business in this county.

25  ///
26  ///
27  ///
28  ///

1

## FACTUAL ALLEGATIONS

2       24.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

3       25.    Defendant has engaged in, and continues to engage in, unfair business practices in

4 California by practicing, employing and utilizing the employment practices and policies outlined

5 above.

6       26.    As a direct result of the wage and hour violations herein alleged, Plaintiff and

7 members of the Classes have suffered, and continue to suffer substantial losses related to the use

8 and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking

9 to compel Defendant to fully perform its obligations under state law, all to Plaintiff's respective

10 damage in amounts according to proof at the time of trial.

11 ***Defendant's Failure to Pay Overtime Wages***

12       27.    During the Class Period, upon information and belief, Defendant had, and continues

13 to have, a company-wide policy of failing to pay all overtime at the correct rate. Defendant did not

14 pay Plaintiff and members of the Classes at the correct overtime rate for the recorded overtime

15 hours that they generated. In addition to an hourly wage, Defendant paid Plaintiff and members of

16 the Classes a shift differential. However, in violation of the Labor Code, Defendant failed to

17 incorporate all compensation, into the calculation of the regular rate of pay for purposes of

18 calculating the overtime wage rate. Therefore, during times when Plaintiff and members of the

19 Classes worked overtime and received these other forms of pay, Defendant failed to pay all

20 overtime wages by paying a lower overtime rate than required.

21       28.    Further, Defendant rounded Plaintiff's and members of the Classes' hours worked to

22 the nearest quarter hour. This resulted in less overtime wages paid than were actually earned.

23       29.    Defendant's failure to pay Plaintiff and members of the Classes the balance of

24 overtime compensation, as required by California law, violates the provisions of Labor Code

25 sections 510 and 1198.

26 ///

27 ///

28 ///

*Defendant's Failure to Pay all Wages and Minimum Wages*

30.     As stated above, Defendant had a policy of rounding Plaintiff's and members of the Classes' worked hours to the nearest quarter hour. This limited the amount of wages Plaintiff and members of the Class actually earned, and as a result, they were not paid all hours.

31.     Employees are required to "punch" into the system at the beginning and end of their shifts, as well as for meal breaks. A punch shows the actual time (to the minute) when the employee punched into the system. Defendant calculated an employee's pay based on his or her punch times subject to a rounding policy where in and out punches are rounded up or down to the nearest quarter of an hour. E.g., if an employee punches in at 2:57, it would round up to 3:00 and if an employee punched out at 7:27, it would round down to 7:25.

32.     Defendant's routine policy of rounding all hours deprived Plaintiff and other Class Members of the compensation they should have received for all actual hours worked.

33.     Thus, Defendant did not pay at least minimum wages for all hours worked by Plaintiff and other non-exempt employees.

*Defendant's Failure to Provide Compliant Meal Breaks*

34.     Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC wage order require employers to provide meal periods and to pay an employee one (1) additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided. Pursuant to Labor Code sections 226.7 and 512(a) and the applicable IWC wage order, an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee. Under California law, first meal periods must start after no more than five hours. *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1041-1042.

35.     Labor Code sections 226.7 and 512(a) and the applicable IWC wage order also require employers to provide a second meal period of not less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an employee one (1) additional hour of pay

1  at the employee's regular rate, except that if the total hours worked is no more than twelve (12)

2  hours, the second meal period may be waived by mutual consent of the employer and the employee

3  only if the first meal period was not waived.

4      36.   As stated above, Defendant failed to provide compliant meal breaks to Plaintiff and

5  members of the Classes. Specifically, Defendant provided Plaintiff and members of the Classes

6  with exactly thirty (30) minutes of meal period time, but did not factor in the amount of time

7  needed to walk to and from the work station and the break room. This resulted in short meal

8  periods and Plaintiff and members of the Classes are entitled to a meal premium for each shift that

9  a meal period was non-compliant.

10  *Defendant's Failure to Authorize and Permit Rest Periods*

11      37.   Labor Code sections 226.7, 516, and 1198, and the applicable IWC wage order

12  require employers to provide rest periods and to pay an employee one (1) additional hour of pay at

13  the employee's regular rate for each work day that a meal or rest period is not provided. Labor

14  Code section 226.7 provides that no employer shall require an employee to work during any rest

15  period mandated by an applicable order of the California IWC. The applicable IWC wage order

16  provides that "[e]very employer shall authorize and permit all employees to take rest periods,

17  which insofar as practicable shall be in the middle of each work period" and that the "rest period

18  time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per

19  four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-

20  half (3½) hours.

21      38.   To comply with its obligation to authorize and permit rest periods under California

22  Labor Code section 226.7 and the applicable IWC wage order, an employer must "relinquish any

23  control over how employees spend their break time, and relieve their employees of all duties—

24  including the obligation that an employee remain on call. A rest period, in short, must be a period

25  of rest." *Augustus, et al. v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 269-270.

26      39.   Accordingly, Defendant failed to authorize and permit all rest periods in violation of

27  Labor Code sections 226.7, 516, and 1198.

28  ///

1    40.     Defendant failed to provide compliant rest breaks because it only provided Plaintiff

2  and members of the Classes with exactly ten (10) minutes of rest which failed to account for the

3  walking time required between the work stations and the break room. Specifically, Plaintiff alleges

4  that by the time he reached the break room, he had less than 10 minutes of rest, and had to leave

5  the break room before the end of his rest to ensure he made it back to his work station on time.

6    41.     Accordingly, Defendant failed to authorize and permit all rest periods in violation of

7  California Labor Code sections 226.7, 516, and 1198.

8  ***Failure to Provide Meal and Rest Break Premiums***

9    42.     Defendant failed to provide compliant meal and rest break premiums as it failed to

10  pay Plaintiff and members of the Classes at the correct regular rate. Moreover, Defendant did not

11  consider employees' shift differentials in calculating the regular rate of pay.

12  ***Defendant's Failure to Provide Compliant Wage Statements***

13    43.     During the relevant time period, Defendant knowingly and intentionally provided

14  Plaintiff and members of the Classes with uniform, incomplete, and inaccurate wage statements.

15  For example, Defendant issued uniform wage statements to Plaintiff and other non-exempt

16  employees that fail to correctly list: gross wages earned; total hours worked; net wages earned; and

17  all applicable hourly rates in effect during the pay period, including rates of pay for overtime

18  wages and/or meal period premiums, and the corresponding number of hours worked at each

19  hourly rate.

20    44.     Because Defendant rounded Plaintiff's and members of the Classes' hours worked

21  and failed to pay employees at the correct regular rate of pay, Defendant did not list the correct

22  amount of gross wages and net wages earned by Plaintiff and other employees in compliance with

23  section 226(a)(1) and section 226(a)(5), respectively.

24    45.     For the same reason, Defendant failed to accurately list the total number of hours

25  worked by Plaintiff and other employees, and failed to list the applicable hourly rates of pay in

26  effect during the pay period and the corresponding accurate number of hours worked at each hourly

27  rate.

28  ///

**8**

**COMPLAINT**

46.     Because Defendant failed to provide the correct net and gross wages earned, applicable rates of pay, and number of total hours worked on wage statements, Plaintiff and members of the Classes have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full. Instead, Plaintiff and members of the Classes have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment, thereby causing them injury.

47.     Defendant also failed to include the correct employer on Plaintiff's and members of the Classes' wages statements. Specifically, Defendant includes the employer "Inject Molding LLC" on wage statements, however, this company is not registered with the California Secretary of State.

### Defendants' Failure to Timely Pay all Wages During Employment

48.     Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

49.     Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period.

50.     During the class period, Defendant willfully failed to pay Plaintiff and members of the Classes all wages due including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within the time periods specified

9

1    by California Labor Code section 204.

2    *Defendant's Failure to Timely Pay Final Wage Upon Termination*

3         51.    Defendant willfully failed to pay Plaintiff and other non-exempt employees who are

4    no longer employed by Defendant the earned and unpaid wages set forth above, including but not

5    limited to, overtime wages, minimum wages, and/or meal rest period premiums, either at the time

6    of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.

7    *Unfair Business Practices*

8         52.    Defendant has engaged in, and continues to engage in, unfair business practices in

9    California by practicing, employing and utilizing the employment practices and policies outlined

10   above.

11        53.    Defendant's utilization of such unfair business practices constitutes unfair

12   competition and provides an unfair advantage over Defendant's competitors.

13        54.    Defendant's utilization of such unfair business practices deprives Plaintiff and

14   members of the Plaintiff Class of the general minimum working standards and entitlements due

15   them under California law and the Industrial Welfare Commission wage orders as described herein.

16        55.    As a direct result of the wage and hour violations herein alleged, Plaintiff and

17   members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the

18   use and enjoyment of wages, lost interest on such wages, and expenses and attorney's fees in

19   seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's

20   respective damage in amounts according to proof at the time of trial.

21   *Plaintiff's Exhaustion of Administrative Remedies*

22        56.    Plaintiff is currently complying with the procedures for bringing suit specified in

23   Labor Code section 2699.3.

24        57.    By letter dated March 3, 2022, required notice was provided to Labor and

25   Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the

26   Labor Code alleged to have been violated, including the facts and theories to support the alleged

27   violations.

28   ///

58.     This Complaint will be amended when more than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to investigate the allegations herein.

## CLASS ACTION ALLEGATIONS

59.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

60.     Pursuant to Code of Civil Procedure section 382, this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

61.     Plaintiff brings this suit as a class action on behalf of two classes of individuals defined as follows (collectively the "Classes"):

62.     *Plaintiff Class*: All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California, at any time since four years prior to filing this action, through the date judgment is rendered in this action.

63.     *Terminated Sub Class:* All members of the Plaintiff Class whose employment ended during the Class Period.

64.     *Numerosity:* Plaintiff is informed and believes, and on that basis alleges, that during the class period hundreds of class members have been employed by Defendant as non-exempt employees in the State of California. Because so many persons have been employed by Defendant in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

65.     *Common Questions of Law and/or Fact:* Common questions of law, and fact, exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of class members' claims are as follows:

        a.  Whether Plaintiff and Class Members are subject to and entitled to the benefits of
            California wage and hour statutes;

**11**

b. Whether Defendant failed to pay Plaintiff and Class Members for all hours worked;

c. Whether Defendant failed to pay Plaintiff and Class Members all overtime;

d. Whether Defendant had a standard policy of not providing compliant meal breaks and premiums to Plaintiff and members of the Plaintiff Class;

e. Whether Defendant had a standard policy of not providing compliant rest breaks and premiums to Plaintiff and members of the Plaintiff Class;

f. Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of Labor Code section 226;

g. Whether Defendant failed to timely pay wages to Plaintiff and members of the Plaintiff Class during their employment;

h. Whether Defendant unlawfully/or willingly failed to timely pay Plaintiff and the Terminated Sub Class upon termination;

i. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

j. Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California (Bus. & Prof. Code, § 17200 *et seq.*)

66. *Typicality:* The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Defendant's common course of conduct in failing to provide their non-exempt employees with meal and rest periods and all wages in compliance with the applicable wage order or premium compensation at the regular rate in lieu thereof, and failing to provide them with compliant wage statements has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class. Plaintiff and the proposed Class sustained the same or similar injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of

1   the proposed class.

2        67.   *Adequacy of Representation:* Plaintiff is an adequate representative of the proposed

3   classes because he is a member of the class, and his interests do not conflict with the interests of

4   the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the

5   prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this

6   action vigorously for the benefit of the classes. The interests of the Class Members will fairly and

7   adequately be protected by Plaintiff and his attorneys.

8        68.   *Superiority of Class Action*: A class action is superior to other available methods for

9   the fair and efficient adjudication of this litigation since individual litigation of the claims of all

10   Class Members is impracticable. It would be unduly burdensome to the courts if these matters were

11   to proceed on an individual basis, because this would potentially result in hundreds of individual

12   repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or

13   contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable

14   allocation of recovery among those with equally meritorious claims. By contrast, the class action

15   device presents far fewer management difficulties, and provides the benefit of a single

16   adjudication, economics of scale, and comprehensive supervision by a single court.

17        69.   The various claims asserted in this action are additionally or alternatively certifiable

18   under the provisions of the Code of Civil Procedure section 382 because:

19          a.   The prosecution of separate actions by hundreds of individual class members

20            would create a risk or varying adjudications with respect to individual class

21            members, thus establishing incompatible standards of conduct for Defendants, and

22          b.   The prosecution of separate actions by individual class members would also

23            create the risk of adjudications with respect to them that, as a practical matter,

24            would be dispositive of the interest of the other class members who are not a party

25            to such adjudications and would substantially impair or impede the ability of such

26            non-party class members to protect their interests.

27   ///

28   ///

## FIRST CAUSE OF ACTION

### Failure to Pay All Overtime Wages

### (By Plaintiff and Members of the Putative Class Against Defendant)

70.     Labor Code sections 510 and 1198 and the applicable Industrial Welfare Commission ("IWC") wage order require employers to pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek at the rate of time-and-one-half (1½) times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek. The applicable IWC wage order further provides that employers are required to pay employees working more than twelve (12) hours in a day overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses, incentive pay and shift differential pay.

71.     Defendant willfully failed to pay all overtime wages owed to Plaintiff and members of the Classes. During the class period, Plaintiff and members of the Classes were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours that they worked were not recorded.

72.     First, Defendant had a company-wide practice and/or policy of rounding Plaintiff's and members of the Classes' hours worked to the nearest quarter hour. This resulted in unpaid overtime hours.

73.     Second, Defendant did not pay Plaintiff and members of the Classes the correct overtime rate for the recorded overtime hours that they generated. In addition to an hourly wage, Defendant paid Plaintiff and members of the Classes shift differentials and/or other forms of remuneration. However, in violation of the Labor Code, Defendant failed to incorporate all compensation, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiff and members of the Classes worked overtime and received these other forms of pay, Defendant failed to pay all overtime wages by paying a lower overtime rate than required.

74.     Defendant's failure to pay Plaintiff and other aggrieved employees the balance of overtime compensation, as required by California law, violates the provisions of Labor Code sections 510 and 1198.

75.     Defendant knew or should have known that as a result of company-wide practices and/or policies, Plaintiff and members of the Classes were prevented from earning overtime, as Plaintiff and members of the Classes had their hours rounded. Because Plaintiff and members of the Classes worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this rounded time qualified for overtime premium pay. Therefore, Plaintiff and members of the Classes were not paid overtime wages for all of the overtime hours they actually worked.

## SECOND CAUSE OF ACTION

### Failure to Pay All Wages

**(By Plaintiff and Members of the Putative Class Against Defendant)**

76.     Plaintiff incorporates herein by reference the allegations set forth above.

77.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendant was required to pay employees for all hours worked.

78.     For at least the four (4) years preceding the filing of this action, Defendant failed to compensate employees for all hours worked. Defendant implemented policies that actively prevented employees from being compensated for all time worked by rounding hours worked to the nearest quarter hour.

79.     Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of suit in accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code* §203 and 206.

80.     Pursuant to Defendant's policy, employees are required to "punch" into the system at the beginning and end of their shifts, as well as for meal breaks. A punch shows the actual time (to the minute) when the employee punched into the system. Defendant calculated an employee's

pay based on his or her punch times subject to a rounding policy where in and out punches are rounded up or down to the nearest quarter of an hour. E.g., if an employee punches in at 2:57, it would round up to 3:00 and if an employee punched out at 7:27, it would round down to 7:25.

81.     Defendant's routine policy of rounding all hours deprived Plaintiff and other Class Members of the compensation they should have received for all actual hours worked.

82.     Labor Code section 1194(a) provides in relevant part: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage … is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage … including interest thereon, reasonable attorney's fees, and costs of suit."

83.     Labor Code section 1194.2(a) provides in relevant part: "In any action under section 1193.6 or section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

84.     Labor Code section 1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

85.     Plaintiff is informed and believes, and therefore alleges, that Defendant's compensation schemes do not fairly compensate Plaintiff and other Class Members for all hours spent performing their job duties.

86.     The failure to pay at least minimum wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code sections 1194, 1194.2, and 1197; the applicable IWC Wage Order, section 4; and California Business & Professions Code.

87.     The failure to pay designated wages to Plaintiff and members of the Plaintiff Class for each and every hour worked violates Labor Code sections 221 and 223; IWC wage order; and California Business & Professions Code.

88.     As a proximate result of the above-mentioned violations. Plaintiff and members of the Classes have been damaged in an amount according to proof at time of trial.

///

## THIRD CAUSE OF ACTION

### Non-Compliant Meal Breaks in Violation of Labor Code sections 200, 226.7, 512

### (By Plaintiff and Members of the Putative Class Against Defendant)

89.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

90.     Plaintiff is informed and believes, and thereon alleges, that Plaintiff and the Class Members regularly worked more than five (5) hours per shift and were entitled to a meal period of not less than thirty (30) minutes without duty.

91.     Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendant routinely failed to provide Plaintiff and the members of the Classes with such meal periods without duty, notwithstanding the fact that Plaintiff and the members of the Classes had not waived their right to the same. Thus, Defendant failed to provide Plaintiff and the members of the Classes with meal periods required by Labor Code sections 226.7, 512, 516 and IWC wage order, section 11 and categorically failed to pay any and all meal period wages due.

92.     Plaintiff and Class Members seek damages pursuant to Labor Code sections 226.7(b) and IWC wage order section 11(D), in the amount of one additional hour of pay at the regular rate for each work day that the meal period is/was not provided to Plaintiff and any member of members of the Classes, the cumulative sum of which is to be determined at trial.

93.     Under the foregoing, California employers must provide meal periods and authorize and permit rest periods to all employees during their shifts. In *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, the California Supreme Court reaffirmed that the required meal and rest periods must be "off-duty," which means that employees must be relieved of "all work-related duties," including the duty to remain "on call," and they must be "free from employer control" over how they "spend their time." *Id.* at 264, 269. Employees must have the freedom to use meal and rest periods for their own purposes. *Id.* at 270; *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1038-39.

94.     When employees must either "remain at the ready and capable of being summoned to action," "respond … when the employer seeks contact with [them]," "perform … other work if

17

**COMPLAINT**

the employer so requests," and/or remain "on call" during their meal and rest periods, the employees have not been "relieve[d] … of all work-related duties and employer control." *Augustus*, *supra*, 2 Cal.5th at 270. Such a meal or rest period is not "off duty" and therefore is "impermissible." *Ibid*.

95.    The Supreme Court's decision in *Augustus* is just the latest in a series of meal and rest break cases that have affirmed California's broad, protective standard for employees.[1] Moreover, as the mere existence of a facially lawful meal and rest break policy is unavailing if there are practical constraints and pressures on employees to perform their duties in ways that omit breaks. *See Brinker*, *supra*, 53 Cal.4th at 1040.

96.    Yet Defendant did and does not provide Plaintiff and members of the Plaintiff Class with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by the fifth hour of work and again by the tenth hour of work. Rather, Plaintiff and members of the Plaintiff's meal periods are cut short as a result of walking time to and from the break room.

97.    Thus, Defendant has failed to perform its obligations to provide Plaintiff and the members of the Plaintiff Class with off-duty meal periods by the end of the fifth hour of work and a second meal period by the end of the tenth hour of work. Defendant also has failed to pay Plaintiff and the members of the Plaintiff Class one (1) hour of pay at the regular rate for each off-duty meal period that they have been denied, as a result of failing to incorporate shift differentials into the rate of pay.

98.    On July 15, 2021, the California Supreme Court issued a decision in *Ferra v. Loews Hollywood Hotel, LLC* (2021) 11 Cal.5th 858, where the court unanimously held that employers must pay premium payments to employees for missed meal, rest, and recovery breaks at the employee's "regular rate of pay" instead of their base hourly rate. The regular rate of pay may be

---

[1] *See, e.g., Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal.4th 1004; *Lubin v. Wackenhut Corp.* (2016) 5 Cal.App.5th 926, *reh'g denied* (Dec. 14, 2016); *Faulkinbury v. Boyd & Assocs., Inc.* (2013) 216 Cal.App.4th 220; *Berlanga v. Equilon Enterprises LLC* (N.D. Cal., Aug. 31, 2017, No. 17-cv-00282-MMC) 2017 WL 3782245 at *3 (a policy requiring employees to "remain in contact with supervisors and other employees working in their units throughout their shifts… would appear to be unlawful under [*Augustus*].")

1  higher than the base hourly rate because the regular rate of pay must include all nondiscretionary
2  incentive payments, including shift differential pay.

3       99.     Plaintiff and members of the Plaintiff Class are thus entitled to compensation for
4  Defendant's failure to provide compliant meal periods, plus interest, attorneys' fees, expenses, and
5  costs of suit pursuant to Labor Code sections 226.7(b) and the applicable wage order.

6  **FOURTH CAUSE OF ACTION**

7  **Non-Compliant Rest Breaks in Violation of Labor Code sections 200, 226.7, 512**

8  **(By Plaintiff and Members of the Putative Class Against Defendant)**

9       100.     Plaintiff hereby incorporates by reference each and every one of the allegations
10  contained in the preceding paragraphs as if the same were fully set forth herein.

11       101.     Plaintiff is informed and believes, and thereon allege, that Plaintiff and Class
12  Members were entitled to a paid rest period of not less than ten (10) minutes without duty for each
13  and every four (4) hours worked during the workday.

14       102.     Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendant
15  routinely failed to provide Plaintiff and the members of the Classes with such paid rest periods
16  without duty, notwithstanding the fact that Plaintiff and the members of the Classes had not waived
17  their right to the same. Thus, Defendant failed to provide Plaintiff and Class Members with rest
18  periods required by Labor Code sections 226.7, 512, and 516, IWC wage order, section 12 and
19  categorically failed to pay any and all rest period wages due.

20       103.     Specifically, Plaintiff and members of the Classes were required to walk to and from
21  the break rooms which took a couple of minutes each way. In light of the foregoing, Plaintiff was
22  required to start walking back prior to the end of his ten (10) minute rest break to ensure he arrived
23  back at his work station on time.

24       104.     Plaintiff and Class Members seek damages pursuant to Labor Code section 226.7(b)
25  and the applicable IWC wage order section 12(B), in the amount of one additional hour of pay at
26  the regular rate for each work day that the rest period is/was not provided or provided late to
27  Plaintiff and any member of the Classes, the cumulative sum of which is to be determined at trial.

28  ///

19

105.     Therefore, Plaintiff and members of the Plaintiff Class are entitled to compensation for Defendant's failure to provide rest periods, plus interest, attorneys' fees, expenses, and costs of suit pursuant to Labor Code sections 226.7(b) and the applicable wage order.

### FIFTH CAUSE OF ACTION

### Failure to Furnish Accurate Itemized Wage Statements

### in Violation of Labor Code section 226

### (By Plaintiff and Members of the Putative Class Against Defendant)

106.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

107.     Labor Code section 226(a) and IWC wage order, section 7(B) requires employers to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

108.     Defendant knowingly and intentionally failed to furnish Plaintiff and the members of the Classes with timely, itemized statements in compliance with Labor Code section 226(a) and IWC wage order section 7(B).

109.     Plaintiff is informed and believes, and thereon alleges, that Defendant knowingly and intentionally failed to furnish Plaintiff and the Class Members with timely, itemized statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

110.     For example, Defendant issued uniform wage statements to Plaintiff and Class Members that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked at each hourly rate. Specifically, Defendant violated sections 226(a)(1), 226(a)(2), 226(a)(5), and 226(a)(9). Because Defendant did not accurately record the time Plaintiff and Class Members spent working, Defendant did not list the correct amount of gross wages and net wages earned by Plaintiff and Class Members in compliance with section 226(a)(1) and section 226(a)(5),

respectively. For the same reason, Defendant failed to accurately list the total number of hours worked by Plaintiff and Class Members, in violation of section 226(a)(2), and failed to list the applicable hourly rates of pay in effect during the pay period and the corresponding accurate number of hours worked at each hourly rate, in violation of section 226(a)(9).

111.   In addition, because Defendant did not calculate Plaintiff's and Class Members' regular rate of pay correctly for purposes of paying overtime wages and/or meal and rest periods premiums, Defendant did not list the correct amount of gross wages in compliance with section 226(a)(1). For the same reason, Defendant also failed to list the correct amount of net wages in violation of section 226(a)(5). Defendant also failed to correctly list all applicable hourly rates in effect during the pay period, namely, correct rates of pay for overtime wages and/or meal and rest period premiums.

112.   Defendant also failed to include the correct employer on Plaintiff's and Class Members' wage statements. Specifically, Defendant listed "Inject Molding LLC" on wage statements, however, this entity is not registered with the California Secretary of State.

113.   Plaintiff is informed and believes, and thereon alleges, that Defendant did not maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiff and the members of the Classes as required under Labor Code section 1174.5. This is a result of missing hours worked, incorrect rates of pay, and missed meal and rest-break premiums.

114.   As a result of not having kept accurate records, Plaintiff and the Class Members suffered injuries in the form of confusion over whether they received all wages owed to them, and difficulty and expense in reconstructing pay records in addition to other injuries which may come to light during the discovery process.

115.   Plaintiff and the members of the Classes herein seek damages and penalties pursuant to Labor Code section 226(e) for Defendant's violations of Labor Code section 226(a).

116.   Plaintiff and Class Members also seek preliminary and permanent injunctive relief and an award of reasonable attorneys' fees and costs pursuant to Labor Code section 226(h).

117.   Plaintiff and the members of members of the Classes also request relief as described below.

1

## SIXTH CAUSE OF ACTION

2

### Failure to Timely Pay Wages During Employment

3

### (By Plaintiff and Members of the Putative Class Against Defendant)

4          118.    Plaintiff hereby incorporates by reference each and every one of the allegations

5    contained in the preceding paragraphs as if the same were fully set forth herein.

6          119.    Labor Code section 204 requires that all wages earned by any person in any

7    employment between the 1st and the 15th days, inclusive, of any calendar month, other than those

8    wages due upon termination of an employee, are due and payable between the 16th and the 26th

9    day of the month during which the labor was performed, and that all wages earned by any person in

10   any employment between the 16th and the last day, inclusive, of any calendar month, other than

11   those wages due upon termination of an employee, are due and payable between the 1st and the

12   10th day of the following month.

13         120.    Labor Code section 204 also requires that all wages earned for labor in excess of the

14   normal work period shall be paid no later than the payday for the next regular payroll period.

15   Alternatively, Labor Code section 204 provides that the requirements of this section are deemed

16   satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are

17   paid not more than seven (7) calendar days following the close of the payroll period.

18         121.    During the class period, Defendant willfully failed to pay Plaintiff and members of

19   the Classes all wages due including, but not limited to, minimum wages, and/or meal and rest

20   period premiums, within the time periods specified by California Labor Code section 204.

21         122.    As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff

22   Class have been damaged in an amount according to proof at time of trial.

23

## SEVENTH CAUSE OF ACTION

24

### Waiting Time Penalties in Violation of Labor Code section 203

25

### (By Plaintiff and Members of the Terminated Sub Class Against Defendant)

26         123.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

27   forth herein.

28   ///

**22**

**COMPLAINT**

124.     At all times, relevant herein, Defendant was required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to Labor Code sections 201-203.

125.     As a pattern and practice, Defendant regularly failed to pay Plaintiff and the members of the Terminated Sub Class their final wages pursuant to Labor Code sections 201-203, and accordingly owe waiting time penalties pursuant to Labor Code section 203.

126.     Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

127.     On information and belief, Defendant has a company-wide practice or policy of paying departing employees their final wages late, instead of adhering to the time requirements set forth in Labor Code sections 201 and 202.

128.     Specifically, Defendant willfully failed to pay Plaintiff and members of the Terminated Sub Class the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages, and/or meal rest period premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendant's employ.

129.     Plaintiff and members of the Terminated Sub Class are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code section 256.

## EIGHT CAUSE OF ACTION

### VIOLATIONS OF BUSINESS & PROFESSIONS CODE SECTION 17200 *et seq.*

### (By Plaintiff and the Members of the Putative Class Against Defendant)

130.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

131.     California Business and Professions Code section 17200 defines unfair competition to include, "unlawful, unfair or fraudulent business practices."

132.   Plaintiff and all proposed Class Members are "persons within the meaning of Business and Professions Code section 17204, who have suffered injury in fact and have lost money or property as a result of Defendant's unfair competition.

133.   Defendant has been committing, and continues to commit, acts of unfair competition by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including, but not limited to:

a)  violations of Labor Code sections 510, 1194, 1194.2, and 1197;

b)  violations of Labor Code sections 200, 226.7 and 512

c)  violations of Labor Code section 226;

d)  violations of Labor Coder section 204;

e)  violations of Labor Code section 203;

f)  violations of Labor Code section 1198;

g)  violations of the applicable wage order.

134.   As a result of its unlawful, unfair, and/or fraudulent business acts and practices, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and proposed Class Members. Defendant's unlawful, unfair, and/or fraudulent conduct has also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

135.   The Business and Professions Code section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or fraudulent business acts or practices.

136.   Plaintiff seeks a court order enjoining Defendant from the unlawful, unfair, and/or fraudulent activity alleged herein.

137.   Pursuant to Civil Code section 3287(a), Plaintiff and other members of the Plaintiff Class are entitled to recover pre-judgment interest on wages earned, but not paid.

138.   Plaintiff further seeks an order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to himself and members of the proposed Plaintiff Class, according to proof, as well as a determination of the amount of funds

1    to be paid to current ånd former employees that can be identified and located pursuant to a court

2    order and supervision.

3       139.    Plaintiff seeks restitution for himself and all others similarly situated of these

4    amounts, including all earned and unpaid wages and attorneys' fees and costs pursuant to Code of

5    Civil Procedure section 1021.5.

6                            **PRAYER FOR RELIEF**

7    WHEREFORE, Plaintiff, and the Class Members pray for judgment as follows:

8       1.   For an order certifying the proposed Plaintiff Class and Terminated Sub-Class;

9       2.   For an order that counsel for Plaintiff be appointed class counsel;

10      3.   Certification of this class action on behalf of the proposed Plaintiff Class and

11            Terminated Sub-Class;

12      4.   Designation of Plaintiff as the class representative of the Plaintiff Class and

13            Terminated Sub Class;

14      5.   For restitution of all monies due to Plaintiff and the members of the Plaintiff Class

15            and disgorgement of all profits from the unlawful business practices of Defendant

16      6.   An order appointing Plaintiff's counsel as class counsel;

17      7.   Prejudgment and post judgment interest on all sums awarded;

18      8.   For compensatory damages;

19      9.   For penalties pursuant to Labor Code sections 200, 226, 226.3, 226.7;

20      10. For interest accrued to date;

21      11. For costs of suit and expenses incurred herein pursuant to Labor Code sections 226

22           and 1194;

23      12. For reasonable attorneys' fees pursuant to Labor Code section 226, Code of Civil

24           Procedure section 1021.5, and/or other applicable law; and

25      13. A declaratory judgment that Defendant has knowingly and intentionally violated the

26           following provisions of law;

27        a.      Labor Code section 510 for failing to pay all overtime wages;

28        b.      Labor Code sections 1194, 1197, 221, 223 for failing to pay

1                      minimum wages for all hours worked;

2            c.     Labor Code sections 226.7 and 512 for failing to provide meal

3                  periods;

4            d.     Labor Code sections 226.7 and 512 for failing to provide rest

5                  periods;

6            e.     Labor Code section 226 for failing to furnish accurate itemized wage

7                  statements;

8            f.     Labor Code section 2014 for failing to timely pay wages during

9                  employment;

10          g.     Labor Code section 201 and 203 for waiting time penalties;

11          h.     Business & Professions Code sections 17200-08 by violating the

12                  provisions set forth herein above.

13       14. For all such other and further relief that the Court may deem just and proper.

14

15    DATED: March 3, 2022               **BRADLEY/GROMBACHER, LLP**

16                                **LAW OFFICES OF SAHAG MAJARIAN II**

17

18                      By:   _____

19                           Marcus Bradley, Esq.
                                   Kiley Grombacher, Esq.

20                             Lirit King, Esq.
                                   Sahag Majarian, Esq.

21                           Attorneys for Plaintiff and Plaintiff Class

22

23

24

25

26

27

28

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of Plaintiff's and the members of the Classes' claims by jury to the extent authorized by law.

DATED:  March 3, 2022

**BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**

By: _____

Marcus Bradley, Esq.
Kiley Grombacher, Esq.
Lirit King, Esq.
Sahag Majarian, Esq.

Attorneys for Plaintiff and Plaintiff Class